MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:    (670) 233-8600
Facsimile:     (670) 233-5262
E-mail:         mark@saipanlaw.com

Attorney for *Defendant Oscar King*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO.    08-00019-002 |
| ) | |
| Plaintiff, ) | |
| ) | DEFENDANT'S OMNIBUS |
| vs. ) | MOTIONS TO COMPEL DISCOVERY |
| ) | AND TO EXTEND MOTIONS |
| OSCAR KING, ) | CUT-OFF DATE |
| ) | |
| Defendant. ) | Date: |
| ) | Time: |
| ) | Judge: Hon. Alex R. Munson |

Defendant OSCAR KING, by and through his court-appointed attorney, hereby files with this Court the following motions related to discovery and motions dates in the above-captioned proceedings:

1. To compel discovery in response to pending discovery requests;

2. To compel disclosure with regard to Government informants and cooperating witnesses;

3. To compel disclosure of Rule 404(b) material;

4. To extend the time for Defendants to file pre-trial motions in this matter.

Defendant was arraigned in this matter on June 19, 2008; he has been in custody since that time. The deadline for pre-trial motions is July 3, 2008. The present Omnibus motions are necessary to preserve Defendant's rights to full discovery and the availability of all necessary motions hereafter.

1. **MOTION TO COMPEL DISCOVERY PURSUANT TO PENDING DISCOVERY REQUEST.**

On June 23, 2008, Defendant delivered a comprehensive discovery request to the Government. A copy of the discovery request is attached hereto as Exhibit "A." To date, the Government has failed to provide Defendant with a detailed response to Defendant's discovery request and Defendant has not received any discovery materials from the Government.

Fed. R. Crim. P. 16(a)(1) requires the disclosure by the Government of, among other things:

> photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

The Court should order the Government to respond, fully, to Defendant's discovery request and to produce all information discoverable pursuant to Rule 16(a)(1).

2. **MOTION TO COMPEL DISCLOSURE AND DISCOVERY WITH REGARD TO GOVERNMENT INFORMANTS AND COOPERATING WITNESSES.**

Under the doctrines of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. U.S.*, 405 U.S. 150 (1972) and their progeny, Defendant requests that the Court order the Government provide the following documents and information:

   a. The name of each cooperating witness or source of information;

   b. Any ledger, sheet, or other document which details the sum paid the cooperating witness or his family in this and other cases in which the informant assisted the government and the purpose of each such payment;

   c. Any information, whether or not memorialized in a memorandum, agents's report or other writing, regarding promises of immunity, leniency, preferential treatment or other inducements made to the cooperating witness or any family member, friend or associate of the informant cooperating, including the

dismissal or reduction of charges, assisting in matters of sentencing or deportation, promises or expectations regarding payments for expenses or testimony or eligibility for any award or reward;

d. In addition to information regarding payments, promises of immunity, leniency, preferential treatment or other inducements made to the government witnesses, any records or information regarding payments, promises of immunity, leniency, preferential treatment offered or afforded to any family member, friend or associate of any prospective witness in exchange for said witness cooperation;

e. Any information or records concerning any actual or implied threats of investigation or prosecution (including deportation, exclusion, etc., by INS) made by the government to any prospective government witness or family member or associate of the witness, including information as to the underlying conduct precipitating such investigations;

f. Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by him in the past, be it violations of federal, state or municipal laws;

g. Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by him without the authority or approval of the government, but for which the government has elected, formally or informally, not to prosecute; and

h. Information reflecting the nature and extent of assets obtained by the informant in connection with his illegal activities over the past ten years.

3. MOTION TO COMPEL DISCLOSURE OF RULE 404(b) MATERIAL.

Prior to the admission of "other acts" evidence, the Court must determine whether the

alleged "other acts" did in fact occur before proceeding to further analysis under Fed. R. Evid. 404(b). If a determination has been made regarding the validity of the proposed "other acts" evidence, the Court must make findings with respect to the specific evidentiary value of the evidence (the evidence must be offered to support one of the permissible purposes such as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident on the part of the defendant. The evidence can not be used for impermissible ends such as to show that the defendant acted in conformity with the proscribed conduct).

If the Court finds that the prosecution's proffered motives for the introduction of the "other acts" evidence is valid and not contrary to Fed. R. Evid. 404(b), then the Court must conduct a balancing test pursuant to Fed. R. Evid. 403 regarding the prejudicial effect suffered upon the defendant by the admission of the "other acts" evidence and the probative value, if any, that the proposed "other acts" evidence will give to the trier of fact.

To conduct this detailed analysis and to hold these complex evidentiary hearing on the eve of or during trial would be a complete waste of very limited judicial resources. Fed. R. Evid. 404(b) does not specifically require that notice be given to the defendant, but the Due Process Clause, Right to Counsel, Right of Confrontation, The Right of Compulsory Process, The Right to Fair Trial, and The Equal Protection Clause of the United States Constitution mandate that notice be given.

Counsel cannot effectively prepare for pre-trial hearings regarding the admissibility of other acts evidence unless counsel is notified of the Government's intent to attempt to introduce such evidence, notified of the basis for such evidence, and notified of witnesses that will present such evidence. The Court cannot adequately assess the validity, necessity, probative value, and level of prejudice of such proposed evidence unless the Court is provided with this information and counsel is allowed to contest the admissibility of such evidence prior to trial.

The case of *United States v. Vega*, 188 F.3d 1150 (9th Cir. 1999) squarely addresses the issue of pre-trial notice regarding "other acts" evidence via interpretation of the Federal Rules of Evidence.

In *Vega* the court held that the prosecution's failure to provide reasonable notice of "other acts" evidence that they intended to introduce against the defendant renders the "other acts" evidence inadmissible in the prosecution's case in chief and for purposes of impeachment. In reaching this decision, the Court in *Vega* acknowledged that the 1991 Amendment to the Federal Rules of Evidence required the prosecution give notice of it's intent to attempt to introduce "other acts" evidence if requested by the defense. The *Vega* Court acknowledged that failure to give the requisite notice is not harmless error as this conduct prejudices the defendant in the areas of Trial Strategy, Pre-trial Investigation, Cross Examination, and the Right to a Fair Trial.

Based on the decision rendered in *United States v. Vega*, The Due Process Clause, Right to Counsel, Right of Confrontation, The Right of Compulsory Process, The Right to a Fair Trial, and The Equal Protection Clause of the United States Constitution, counsel is requesting that this Court order the prosecution to provide the following information:

A. Their intent, if any, regarding the admission of "other acts" evidence as defined in *Vega* (*Id.* at 1154);

B. The names, addresses, phone numbers, and statements of any witnesses that will be called, or have been interviewed by the United States Attorney's Office, the Federal Bureau of Investigation, the US Division of Immigration and Customs Enforcement, the CNMI Attorney General's Investigation Unit, the CNMI Division of Immigration or other law enforcement regarding this alleged evidence; and

C. The precise evidentiary hypothesis regarding the purpose and limited admissibility of this alleged evidence.

4.  MOTION TO EXTEND THE TIME FOR DEFENDANT TO FILE PRE-TRIAL MOTIONS IN THIS MATTER.

The Government has provided no discovery materials to date. The expiration for time to file pre-trial motions is July 3, 2008. Accordingly, in all fairness to Defendant in order to allow Defendant time to review discovery materials (which have not yet been provided by the Government) and to

prepare any appropriate motions thereafter, Defendant respectfully suggests that it would be necessary and warranted for the Court to extend the deadline for filing pre-trial motions to a date after the Government's provision of full discovery that allows Defendant a sufficient amount of time to examine the materials and prepare any necessary motions.  *See* Local Criminal Rule 12.1 ("The court upon motion and for good cause shown may extend the time for filing motions.")

## CONCLUSION

For the forgoing reasons, Defendant respectfully requests that the Court grant Defendant's motions to compel and the motion to extend the cut-off dates in this case.  Defendant is presently in custody and, accordingly, no extension of the trial date is sought herein.  However, the time for the Court and the Government to respond to the above-motions should not be held against Defendant.

DATED this 2nd day of July, 2008.

/s/ Mark B. Hanson

MARK B. HANSON

Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:    (670) 233-8600
Facsimile:    (670) 233-5262
E-mail:    mark@saipanlaw.com

Attorney for *Defendant Oscar King*

CERTIFICATE OF SERVICE

I hereby certify that the following attorneys were served with a copy of the foregoing through the Court's electronic case filing system:

>Eric O'Malley, AUSA,
>Third Floor, Horiguchi Building
>P.O. Box 500377
>Saipan, Mariana Islands 96950
>
>Attorney for the United States of America

DATED: July 2, 2008                         /s/ Mark B. Hanson
                                            MARK B. HANSON